UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICIA A. SANCHEZ<br>Plaintiff,<br><br>v.<br><br>SAMANTHA EVANS, et al.<br>Defendants. | No. 3 09 0696<br>(No. 3:09-mc-0175)<br>Judge Campbell |

## O R D E R

The Court has before it a *pro se* civil complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 2).

The plaintiff is a resident of Bremerton, Washington. It appears from the application that she is unemployed and lacks sufficient financial resources to pay for the costs of the action. Therefore, the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

On August 2, 2008, two of the plaintiff's minor children (David Bozik and Savannah Winebrimer) were removed from the home and taken into custody by the Child Protective Services for Dickson County. The plaintiff brings this action against Samantha Evans and Shelby McClurkan, employees of Child Protective Services for Dickson County, seeking the return of her children and damages.

A liberal reading of the complaint suggests that a court in Dickson County sanctioned the removal of plaintiff's children from the home and placed them in the custody of the Child Protective Services for Dickson County.

A federal district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary.

Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). In this regard, the Supreme Court has held that a federal district court lacks jurisdiction to entertain a challenge to a state court decision arising out of a judicial proceeding, even if the challenge alleges that the state court action was unconstitutional. District of Columbia Court of Appeals v. Feldman, 103 S.Ct. 1303, 1317 (1983).

In this case, the plaintiff's claims appear to arise from a state court custody order. Because domestic relations, including custody, divorce, support and alimony disputes, are the primary responsibility of the state courts, federal courts are prevented from hearing these disputes under the "domestic relations exception" to federal jurisdiction. Ankenbrandt v. Richards, 112 S.Ct. 2206 (1992). The Court, therefore, lacks the jurisdiction to adjudicate the plaintiff's claims. Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction.

It is so ORDERED.

*Todd Campbell*
Todd Campbell
United States District Judge